UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC ERICSON, | ) |
|     Plaintiff | ) ) ) |
| v. | ) 2:12-cv-00178-JAW |
| MARTIN MAGNUSSON, et al., | ) ) ) |
|     Defendants | ) ) |

**RECOMMENDED DECISION
RE: MOTION FOR PRELIMINARY INJUNCTION (ECF. NO. 16)
AND MOTION FOR TEMPORARY RESTRAINING ORDER (ECF. NO. 25)**

Eric Ericson, a prisoner at Maine Correctional Center in Windham, Maine, filed a civil rights complaint with this Court on June 4, 2012. The complaint raised three separate claims relating to religious issues, medical treatment, and access to legal materials. On July 16, 2012, prior to the response deadline following service on the state and medical defendants, Ericson filed a motion for a preliminary injunction, complaining that the prison's work assignments are inappropriate in light of his medical conditions and requesting that the prison be enjoined from requiring him to perform work-related tasks until his complaint is finally resolved. On July 27, 2012, the state defendants filed a motion to dismiss the underlying complaint, which motion is still pending and has not yet been fully briefed. They also filed an opposition to the motion for a preliminary injunction on July 30, 2012. On August 6, 2012, Ericson filed his reply to the opposition to the motion for a preliminary injunction and a motion for a temporary restraining order. The two motions have been simultaneously referred to me for a report and recommendation. I now recommend that the Court deny both of Ericson's motions because his filings do not establish that he is entitled to preliminary injunctive relief.

**Factual Background**

In his motion for a preliminary injunction, Ericson complains that the prison has given him work assignments while refusing to provide him with proper medical treatment and proper accommodation of his physical disabilities. Judging by the exhibits provided with his motion, it appears that Ericson bases his claim primarily on a fully favorable decision of an Administrative Law Judge relating to disability insurance benefits on August 29, 2006. (ECF No. 16-1.) Ericson does not attach a copy of the decision, but based upon other attachments it appears that Ericson's alleged disability arises from chronic back pain related to a work injury. (ECF Nos. 16-2, 16-3, 16-4.) As the state defendants point out in their opposition to the motion for injunctive relief, Ericson's immediate complaint is that he is facing disciplinary sanctions because he has failed to perform his work assignments and the injunctive relief he is requesting is that the prison be barred prospectively from imposing any disciplinary sanctions against him arising from his failure to perform his work assignments. (Opposition, ECF No. 23, at p. 2.) Ericson rejoins that he has exhausted the prison grievance system before for similar violations and he has lost every appeal. Thus there is no reason to believe that his appeal of the current disciplinary sanction will be upheld. According to Ericson, he will suffer an irreparable injury if he is once more isolated and placed in solitary confinement as a disciplinary sanction. (Reply & Mtn. for TRO, ECF Nos. 25 & 26.) Ericson believes that the imposition of discipline is imminent as the appeal process will soon be complete and he will be placed in solitary confinement. According to Ericson, "time being of the essence," this Court should issue a temporary restraining order forthwith, barring the state defendants from imposing any disciplinary sanction. (Mtn. for TRO, at p. 1.)

**Discussion**

The First Circuit has instructed that trial courts entertaining motions for a preliminary injunction "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996) (citing Weaver v. Henderson, 984 F.2d 11, 12 & n.3 (1st Cir. 1993) and Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991)).  As the First Circuit has said on a number of occasions, the likelihood of success on the merits is of primary importance.  Ross-Simons, 102 F.3d at 16 (citing cases).  See also 18 U.S.C. § 3626(a)(1)(A) ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.").

Ericson does not allege anything about the potential conditions of confinement during any time period that he might serve in disciplinary segregation that would constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (implicating a due process analysis).  Although Ericson complains that irreparable harm would arise because he would be without access to legal materials while in segregation, his complaint is belied by the fact that he has made repeated

3

filings in this court all while undergoing what he describes as five successive disciplinary proceedings followed by unsuccessful appeals. (Mtn. for TRO at p. 1.) Ericson also claims that serving his time in segregation increases his depression and feelings of hopelessness. (Id.) Ericson focuses on the irreparable harm component, providing little in terms of this Court's primary consideration, whether Ericson is ultimately likely to succeed on the merits of his claim.

      Obviously, given the statutory directive cited above, when balancing the hardships connected with injunctive relief, the scales are decidedly tipped in favor of the nonmovants. The same balancing analysis would apply to the public interest component. Although there is clearly a public interest concerned with insuring that prisoners are afforded "the minimal . . . necessities" of a civilized existence, see Farmer v. Brennan, 511 U.S. 825, 834 (1994), Ericson's complaint allegations, viewed in the light most favorable to him, do not suggest that he has been completely denied any basic necessities, although he clearly believes the level of medical services which have been provided do not adequately address what he describes as serious medical needs. There is most clearly a countervailing public interest in allowing state officials to run their own prisons and impose ordinary disciplinary sanctions in the manner they deem most effective.

      The portion of Ericson's claim most clearly implicated by the motions for immediate and/or preliminary injunctive relief is the portion of the claim which relates to denial of appropriate medical treatment regarding his back injury and disabilities. It appears that the discipline has been imposed because Ericson has not performed his work assignments. I will therefore limit my discussion to that portion of his complaint in determining the likelihood of success on the merits. The medical defendants, upon whose judgment the state correctional defendants have apparently relied when setting work assignments and applying disciplinary

4

sanctions, have not yet responded to the complaint, so I am without the benefit of their input. Nevertheless, an examination of the allegations in the complaint and the supporting documents submitted by Ericson do not at this juncture suggest that there is a likelihood of success on the merits as to Ericson's complaint regarding deliberate indifference to serious medical needs.

Ericson alleges that he was deprived of appropriate medical care regarding his back issues and his diabetes. (Complaint, ECF No. 1, ¶ 4 (Fourth Cause of Action), p. 7.) The supporting documentation, consisting of a listing of events beginning May 20, 2010, and ending November 15, 2011, reveals that he has repeatedly had contact with medical providers and has been frequently dissatisfied with the results. The allegations, however, do not support a claim of deliberate indifference.[1] This claim of deliberate indifference has two required components. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the defendant must have a culpable state of mind, which in prison conditions cases means that the defendant was deliberately indifferent to the inmate's health or safety. Id. To demonstrate that medical care provided by prison officials violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment, it is not sufficient for a prisoner to prove only that he has not received adequate medical care. He must also prove that the officials responsible for his care intentionally ignored a serious medical need or were deliberately indifferent to it. Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497-98 (1st Cir. 2011). Ericson's likelihood of success on this claim, based on the showing made thus far, is not great and preliminary injunctive relief is not warranted.

---

[1] For instance, a typical entry in this nineteen page log reads as follows: "10-28-11 — Medical — Ran into M.H. Carl. Will think if he can help with pain and depression. Saw dentist. Says tooth not salvageable." (History of Medical and Violations, ECF No. 1-4, p. 19.) One of the named defendants is "Carl." It is not clear if the entry pertains to him.

The other components of Ericson's claim with respect to his work-related disabilities are the claims he purportedly brings pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Title II of the ADA unambiguously extends to state prison inmates. Pennyslvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). However, it appears that all courts agree that the ADA does not create a prisoner remedy for medical malpractice. Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996). Reading between the lines, it appears that Ericson's complaint is not that the prison officials have discriminated against him because of his disability, but rather that they refuse to believe that any disability he has prevents him from doing the prison work assignments. In other words, they do not agree that he is disabled from employment. His complaint allegations relate solely to complaints about the prison medical providers' failure to provide a handicapped cell and certain adaptive devices for him. (Complaint, Third Cause of Action, ¶ 3, pp. 6-7.) However, Ericson's pleadings do little to develop the contours of his ADA claim for injunctive relief regarding employment assignment, and the notion of discriminatory disciplinary sanctions was not the focus of the underlying complaint. This issue is only tangentially raised in the latest motions seeking injunctive relief. And, most importantly in the context of his claim in this court, if Ericson contends that discipline is being imposed against him because of discriminatory animus based on a qualifying disability pursuant to a statutory requirement, Ericson has remedies available in state courts, including an appeal pursuant to Rule 80C of the Maine Rules of Civil Procedure from any final decision of the commissioner relating to his grievance regarding the imposition of disciplinary sanctions of segregation because of discriminatory animus based on his disability. See Fleming v. Dep't of Corr., 892 A.2d 1161, 1161 (Me. 2006) (per curiam). At this juncture, whatever the substantive merits of Ericson's ADA claim, it appears to me that the likelihood of success in *this* court is

fraught with significant procedural hurdles and it would be error for this court to grant preliminary injunctive relief based on the presentation which has been made.

## Conclusion

Based on the foregoing, I recommend that the Court deny the requested preliminary injunction and the motion for a temporary restraining order because the plaintiff has failed to show a likelihood of success on the underlying complaint which is currently before the Court.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 8, 2012                              /s/ Margaret J. Kravchuk
                                            U.S. Magistrate Judge