UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIC ERICSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00178-JAW |
| | ) | |
| MARTIN MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO MODIFY COMPLAINT**

The Court affirms the Recommended Decision of the Magistrate Judge, dismisses an inmate's Complaint against Defendants who by contract provide medical services to Maine state inmates, and dismisses most of the allegations and a number of the defendants among the state Correctional Defendants, leaving only First Amendment and Religious Land Use and Institutionalized Persons Act claims against certain state officials in their official capacities. The Court grants in part Plaintiff's motion to supplement the Complaint by allowing him to add only the proposed supplemental allegations that relate to the surviving counts.

**I.  PROCEDURAL HISTORY**

On June 4, 2012, Eric Ericson, an inmate at the Maine Correctional Center in Windham, Maine, filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, against a number of Correctional and Medical Provider Defendants. *Compl.* (ECF No. 1).

On July 27, 2012, the Correctional Defendants moved to dismiss the Complaint. *Mot. to Dismiss for Failure to State a Cl.* (ECF No. 22). Mr. Ericson responded on August 6, 2012. *Resp. to Mot. to Dismiss for Failure to State a Cl.* (ECF No. 24). On August 8, 2012, the Correctional Defendants waived any reply. *Waiver of Reply* (ECF No. 28). On August 16, 2012, the Medical Provider Defendants moved to dismiss the Complaint. *Defs.' Corizon, Inc. and Correctional Med. Servs., Inc.'s Mot. to Dismiss* (ECF No. 30). On September 10, 2012, Mr. Ericson responded to the motion to dismiss. *Resp. to Defs.' Corizon, Inc. and Correctional Med. Sers. Inc.'s Mot. to Dismiss* (ECF No. 34). On September 13, 2012, the Medical Provider Defendants replied. *Defs. Corizon, Inc. and Correctional Med. Servs., Inc.'s Reply Mem. of Law* (ECF No. 35).

On December 18, 2012, the Magistrate Judge issued a comprehensive Recommended Decision, recommending that the Court grant the Correctional Defendants' motion as to all counts except the first and sixth causes of action, that the Court dismiss all of the Correctional Defendants except Joseph Ponte, Patricia Barnhart, and Scott Burnheimer in their official capacities, and that the Court dismiss all counts against Corizon and Correctional Medical Services. *Recommended Decision* (ECF No. 37). On January 3, 2013, Mr. Ericson objected to the Recommended Decision. *Objection to Recommended Decision* (ECF No. 44) (*Pl.'s Objection*). On January 22, 2013, the Medical Provider Defendants responded to Mr. Ericson's objection. *Defs.' Resp. to Pl.'s Objection to Recommended Decision on*

*Their Mot. to Dismiss* (ECF No. 46). The Correctional Defendants did not respond to Mr. Ericson's objection.

On the same day the Magistrate Judge issued her Recommended Decision, Mr. Ericson moved to modify the Complaint. *Mot. to Modify Compl. to Add Additional Const. Violations to Bring Compl. Current to Today's Date* (ECF No. 41) (*Pl.'s Mot.*). On December 28, 2012, the Correctional Defendants responded to the motion to modify the Complaint. *Resp. in Opp'n to Mot. to Modify Compl.* (ECF No. 43). On January 8, 2013, Mr. Ericson replied to the Correctional Defendants' response to the motion to modify. *Resp. to Opp'n to Modify Compl.* (ECF No. 45).

## II. DISCUSSION

### A. Standard of Review for a Recommended Decision

The Magistrate Judge issued her Recommended Decision pursuant to 28 U.S.C. § 636(b)(1)(B). Upon timely objection to the Recommended Decision, this Court is required to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Gioiosa v. United States*, 684 F.2d 176, 178 (1st Cir. 1982).

### B. Eric Ericson's Objection

Mr. Ericson's four-page Objection to the Magistrate Judge's Recommended Decision mostly focuses on his frustration at the Magistrate Judge's earlier rejection of his motion for appointed counsel. *Pl.'s Objection* at 1-2. It is not unusual for inmates like Mr. Ericson to demand that the Court appoint counsel to represent them in their private grievances against state officials and contractors. Many

3

inmates seem to assume that the Government has an obligation to supply lawyers for their civil suits, perhaps because many received court-appointed counsel in their criminal cases. For many inmates, it seems only logical that if the Government supplied a lawyer once, it should do so again.

But the right to counsel in a criminal case is guaranteed by the Sixth Amendment, U.S. CONST. am. VI, and there is no corresponding constitutional provision for civil cases. As the First Circuit Court of Appeals has observed, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Although Congress has statutorily empowered federal courts to appoint counsel under 28 U.S.C. § 1915(e), there are "no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Appointment of counsel in a civil case is restricted to "exceptional circumstances . . . such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [the litigant's] due process rights." *DeRosiers*, 949 F.2d at 23; *Clarke*, 473 F. Supp. 2d at 125. In any event, as the Recommended Decision currently before the Court does not make a recommendation about appointed counsel, Mr. Ericson's complaints do not address the merits of the Magistrate Judge's recommendations and are not properly before the Court.

This leaves the rest of Mr. Ericson's Objection. As regards the Medical Provider Defendants, Mr. Ericson raises six objections to the Recommended Decision: (1) that he should not be forced to work when the work increases his pain;

4

(2) that he should not have additional chronic pain in other parts of his body due to the neglect of the prison staff, doctors, and contractors; (3) that he should not be punished for refusing to work due to his disabilities; (4) that he should not lose accumulated good time because others cannot see his chronic pain and correctly diagnose it; (5) that he should not have to endure an itchy scalp and other problems because the jail has not followed outside physicians' prescriptions and dietary recommendations; and (6) that he should be notified by special implement, apparatus, or personal approach of inmate movement and programs due to his hearing impairment and physical disability under ADA guidelines.[1]  *Pl.'s Objection* at 2-3.  The Court agrees with the Magistrate Judge that none of these complaints meets the high standards for a cognizable complaint under either the Americans with Disabilities Act (ADA) or the Eighth Amendment.

As regards the Correctional Defendants, Mr. Ericson contends that the Correctional Defendants are responsible for the same six violations he alleges against the Medical Provider Defendants.  *Id.*  In addition, Mr. Ericson says as against the Correctional Defendants: (1) that he should be able to attend a free doctorate of theology program from Trinity Seminary; (2) that he should be able to study his religion, even it takes more than the allowed number of books, that he should not be refused his religious mail, and that he should have the right to hold and attend proper religious services and Bible studies; and (3) that the Correctional Defendants should be required to follow the prison's grievance procedure and should

---

[1] Due to a photocopy obscurity, the Court is uncertain whether Mr. Ericson is claiming hearing impairment and physical disability under ADA or AMA guidelines.  It does not matter.  Mr. Ericson is making the same point.

not instill fear and foreboding in the inmates. *Id.* Again, the Court has carefully reviewed Mr. Ericson's objections and agrees with the Magistrate Judge's recommended ruling on these issues.

C. **Eric Ericson's Motion to Modify**

In Mr. Ericson's motion to modify, he lists thirty-nine new allegations against the correctional and Medical Provider Defendants. *Pl.'s Mot.* at 2-8. Carefully reviewing the new allegations, the Court concludes that Mr. Ericson is not attempting to assert any new legal theories; he is attempting to supplement his factual allegations by capturing events that he alleges have taken place after the filing of his original Complaint. Accordingly, the Court analyzes Mr. Ericson's request as a motion to supplement under Federal Rule of Civil Procedure 15(d). FED. R. CIV. P. 15(d).

The purpose of procedural rules generally is to "make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 227 (1964). The more specific purpose of Rule 15(d) is "to promote as complete an adjudication of the dispute between the parties as is possible." 6A CHARLES ALAN WRIGHT, ARTHUR A. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504, at 245 (3d ed. 2010). The "discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading." *Id.* at 256. "An application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of

the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Id.* at 257-59. At the same time, when a plaintiff files a motion to supplement after a defendant files a dispositive motion, the plaintiff bears an added burden of showing that the proposed amendments are supported by "substantial and convincing evidence." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (quoting *Torres-Matos v. St. Lawrence Garment Co., Inc.*, 901 F.2d 1144, 1146 (1st Cir. 1990)); *see Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356-57 (7th Cir. 2011) (affirming a district court's denial of a motion to supplement made after the court had granted a motion for summary judgment as "too little, too late").

     Here, as regards the Medical Provider Defendants, the proposed supplementary allegations do not state a new case theory, nor do they add facts different in kind from Mr. Ericson's original allegations. They merely add facts substantially similar to the allegations in the original Complaint which the Magistrate Judge concluded were insufficient to withstand dismissal. Many of the supplementary paragraphs detail Mr. Ericson's discontent with the way the Department of Corrections has handled his numerous grievances, some of which involve medical issues; these allegations do not appear to be directed against the Medical Provider Defendants. The supplementary allegations that do appear to run directly against the Medical Provider Defendants include an alleged failure to have Mr. Ericson evaluated by a proper specialist, *Pl.'s Mot.* at 4, alleged negligence, *id.*,

7

an unsatisfactory meeting with a mental health counselor, *id.* at 6, and an alleged failure of a new doctor with a German accent to get back to him. *Id.* For the reasons the Magistrate Judge explained, none of these new allegations would survive a renewed motion to dismiss. Therefore, as against the Medical Provider Defendants, the Court denies the proposed supplementary pleading as futile. *Cf. Edlow v. RBW, LLC*, 688 F.3d 26, 39-40 (1st Cir. 2012) (noting that courts have discretion to deny motions to amend if futile).

The proposed supplementary allegations that appear to run against the Correctional Defendants are more complicated. The Magistrate Judge recommended that the Court dismiss all claims except the Religious Land Use and Institutionalized Persons Act (RLUIPA) and First Amendment claims. The Court has carefully reviewed Mr. Ericson's supplementary allegations to determine whether they supplement the surviving or dismissed claims. The Court concludes that only paragraph one, alleging denial of programs for refusing an indoctrination class contrary to his religious beliefs, paragraph seven, alleging that the Department of Corrections ordered him to send home five of his religious books, and paragraph thirty, alleging that a prison official ordered him to send his Bible study books home, add to his claims under RLUIPA and the First Amendment. The Court therefore grants his motion to supplement his Complaint as to paragraphs one, seven, and thirty only. The Court denies the motion as to all other paragraphs, which relate either to claims that the Magistrate Judge recommended dismissed or to new matters that would not survive a motion to dismiss.

## III. CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a de novo determination of those portions of the Recommended Decision to which Mr. Ericson has objected. The Court concurs with the Magistrate Judge for the reasons set forth in her Recommended Decision. For those reasons and for the reasons set forth in this decision, the Court issues the following Orders:

1. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 37);

2. The Court GRANTS in part and DENIES in part the Correctional Defendants' Motion to Dismiss (ECF No. 22). The Court DISMISSES all counts of the Complaint (ECF No. 1) except the first and sixth counts. The Court DISMISSES all of the Correctional Defendants except Joseph Ponte, Patricia Barnhart[2], and Scott Burnheimer, and DISMISSES all claims against Joseph Ponte, Patricia Barnhart, and Scott Burnheimer in their individual capacities, leaving only counts one and six of the Complaint against these Defendants in their respective official capacities;

3. The Court GRANTS the Medical Provider Defendants' Motion to Dismiss (ECF No. 30) and DISMISSES all counts of the Complaint as to Corizon, Inc., and Correctional Medical Services;

---

[2] According to press reports, Patricia Barnhart was terminated from her position as Warden of the Maine State Prison earlier this month. No motion has been made, as yet, regarding Ms. Barnhart.

4.  The Court GRANTS in part and DENIES in part Eric Ericson's Motion to Modify Complaint (ECF No. 41). The Court allows as a supplemental pleading paragraphs one, seven, and thirty of the Plaintiff's Motion. The Court ORDERS the three remaining Correctional Defendants to answer the supplemental pleading within twenty days of the date of this Order.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2013